**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

LANDO & ANASTASI, LLP,
       Plaintiff,

V.

HERCULES CAPITAL, INC.
       Defendant
_____

C.A. No.:

**JURY TRIAL DEMANDED**

**COMPLAINT**

This is an action for breach of contract and quantum meruit arising out of the defendant's

failure to pay legal fees and expenses due and owing to the plaintiff law firm.

**PARTIES**

1. Plaintiff Lando & Anastasi, LLP ("L&A") is a law firm with a business located in

Cambridge, MA.

2. On information and belief, Defendant Hercules Capital, Inc. ("Hercules") is a

Maryland corporation with a place of business in New York, NY.

**<u>Jurisdiction and Venue</u>**

3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1332(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**FACTS**

5. L&A was engaged by Elixir Pharmaceuticals, Inc. ("Elixir") to handle certain

intellectual property matters for Elixir, including the preparation, filing, and prosecution of

patent applications in the United States and abroad on Elixir's behalf.

6.   The parties agreed that in exchange for its services, L&A would be paid on an hourly

basis and further, the parties agreed that Elixir would pay to L&A any costs expended by the

firm in relation to these services.

7.   On information and belief, Elixir received financial support from Hercules in the

form of loans and/or direct funding from Hercules.

8.   L&A prosecuted Elixir's patent applications vigorously, both in the United States and

abroad, and obtained numerous patents worldwide for Elixir.

9.   L&A generally billed Elixir for its services on a monthly basis.

10.   However, commencing in or about 2010, Elixir stopped paying L&A's bills, in

whole or in part.

11.   In July 2010, Hercules agreed to cover Elixir's legal bills from L&A.  On

information and belief, Hercules did this to ensure continued prosecution of Elixir's patents and

applications as security for the loans it had made to Elixir.

12.   Hercules agreed at that time to pay in advance for all future work done by L&A,

based on estimates of the cost of such work that would be provided by L&A.

13.   Hercules failed to live up to this agreement.

14.   On April 28, 2011, following discussions with Hercules, L&A offered to continue

representing Elixir, in return for which Elixir and Hercules would pay Elixir's outstanding

balance, which was then $95,282.56, in monthly payments of $10,000 per month, with payments

to begin on May 5, 2011; Elixir and Hercules would pay in advance for any expenses, such as

filing fees, translation fees, and foreign patent professional fees, that Elixir incurred; and Elixir and Hercules would pay for L&A's professional services within 30 days of receipt of an invoice. By e-mail of April 29, 2011, Parag Shah, the Senior Managing Director & Group Head, Life Sciences for Hercules, agreed to this arrangement on behalf of Hercules and Elixir.

15.  Hercules and Elixir failed to honor this agreement as well.  By April 12, 2012, Hercules and Elixir had failed to pay $66,326.36 in expenses and $42,393.16 in legal fees.

16.  Elixir and Hercules ceased making the agreed-to payments in December 2014.  Since that time, L&A has received only a single payment in December 2015.

17.  Elixir and Hercules presently owe $200,510.55, not including interest, of which $15,282.56 pre-dates the April 2011 agreement.

18.  L&A has made numerous demands upon Elixir and Hercules to pay all amounts owed by Hercules and Elixir.

19.  Hercules and Elixir have failed and refused to pay the amounts owed to L&A.

20.  On information and belief, Elixir ceased operations and no longer exists.  Hercules, however, remains in business.

## COUNT I
## BREACH OF CONTRACT

21. The allegations set forth in paragraphs 1 through 20 of the Complaint are hereby incorporated by reference and made a part hereof.

22.  Elixir and Hercules formed a valid and binding contract with L&A by their April 29, 2011 acceptance of L&A's offer to continue representing Elixir.

23. By failing and refusing to pay the amounts due and owing to L&A, Hercules has breached that contract.

24. As a result, L&A has been damaged.

## COUNT II
## QUANTUM MERUIT

25. The allegations set forth in paragraphs 1 through 24 of the Complaint are hereby incorporated by reference and made a part hereof.

26. L&A has conferred a benefit upon Hercules, namely, the provision of legal services in support of patents and patent applications that are or were owned by Elixir and that serve or served as collateral for Hercules' loans to Elixir.

27.  Hercules accepted the services with the expectation of compensating the plaintiff.

28. L&A provided the services with the expectation of receiving compensation from Hercules.

29. L&A is entitled to payment from Hercules for its services rendered and expenses paid.

WHEREFORE, the Plaintiff hereby requests, after hearing, that this Honorable Court:

1. Enter Judgment in favor of the Plaintiff and against the Defendant on Counts I and II of the Complaint;

2. Award the Plaintiff monetary damages;

3. Award the Plaintiff costs and interest; and

4. Award the Plaintiff such other relief as the Court deems just.

### Demand for Jury Trial

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff hereby demands trial by jury of all issues so triable.


Dated: August 21, 2018

LANDO & ANASTASI, LLP
By its attorneys,


    /s/ Thomas P. McNulty
Thomas P. McNulty (BBO #654564)
Lando & Anastasi LLP
One Main Street, Eleventh Floor
Cambridge, MA 02142
(617) 395-7000