# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LANDO & ANASTASI, LLP,<br><br>                      Plaintiff,<br>v.<br><br>HERCULES CAPITAL, INC.,<br><br>                      Defendant. | CIVIL ACTION NO. 1:18-cv-11786 |

## ORDER UNDER FED. R. EVIDENCE 502(d)

**WHEREAS**, Plaintiff, Lando & Anastasi, LLP ("Plaintiff"), and Defendant, Hercules Capital, Inc. ("Defendant") (collectively, the "Parties"), request that this Court issue an Order pursuant to Federal Rule of Evidence 502(d) to facilitate production and use of documents in this proceeding and to protect the Parties against waiver of any privileges or protections attaching to those documents;

**WHEREAS**, the Parties may produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work product protection;

**WHEREAS**, absent an order from the Court, under certain circumstances, the production of privileged or protected information can operate as a waiver of any applicable privilege, protection, and/or immunity with respect to disclosure in this case and other Federal or State proceedings;

**WHEREAS**, the Parties desire to expedite and facilitate the production of a large volume of electronic and hard copy data, information, and documents, and to protect against waiver as a

result of the inadvertent disclosure of attorney-client privileged communications or work product materials;

**WHEREAS**, Fed. R. Evid. 502(d) states that "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court - in which event the disclosure is also not a waiver in any other federal or state proceeding;" and

**WHEREAS**, this Court finds good cause to issue an order pursuant to Fed. R. Evid. 502(d).

**IT IS HEREBY ORDERED** that, pursuant to Fed. R. Evid. 502(d), a Party's inadvertent disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law.

The provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information, inadvertently or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error.

Such inadvertently produced documents or information may be considered Confidential Information under the Confidentiality Agreement simultaneously submitted by the Parties ("Confidentiality Agreement").

Any party receiving any such documents or information shall return them to the producing party, upon request, within five (5) business days of receiving such request, delete any

versions of the documents it maintains, and make no use of the information contained therein regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party by following the procedures as described within the Confidentiality Order. Pursuant to Fed. R. Civ. P. 26, the producing party bears the burden of establishing the privilege or protection of all such challenged documents. The time periods herein can be extended if the parties agree in writing.

**SO ORDERED.**
Dated: August 16, 2019
Boston, Massachusetts

_____
Honorable Dennis Saylor, IV, U.S.D.J.